
**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 9, 2022
**BY ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   United States v. Oladayo Oladokun, S4 20 Cr. 3 (KPF)

Dear Judge Failla:

The Government respectfully submits this letter in opposition to defendant Oladayo Oladokun's April 28, 2022 motion to reconsider the Court's bail revocation order.[1] ("Mot.," ECF Doc. No. 347.) On January 4, 2022, after a full hearing on the defendant's numerous bail violations, the Court remanded Oladokun because it had "no confidence that [he] is going to comply with his bail conditions." (Transcript of January 4, 2022 Bail Review Hearing ("1/4/22 Tr."), ECF Doc. No. 323, at 55). Rather than address the reasons why he was remanded, Oladokun claims he cannot access medical care at the Metropolitan Detention Facility in Brooklyn ("MDC") — a claim contradicted by his medical records, filed under seal as Exhibit A. Oladokun's motion to reconsider should be denied.

**I.   The Defendant's Bail History**

Oladokun is charged in this case with conspiracy to commit bank fraud and wire fraud, and with conspiracy to commit money laundering. On June 5, 2020, Oladokun was arrested in Maryland for drunk driving. He was subsequently transferred to federal custody. On June 10, 2020, a magistrate judge in the United States District Court for the District of Maryland ordered Oladokun detained pending his transfer to this District on the ground of risk of flight.

---

[1] Oladokun requests both "pre-trial release on conditions pursuant to 18 U.S.C. § 3142" and "compassionate release under 18 U.S.C. § 3582(c)(1)(A)." (Mot. at 1.) He appears to concede, however, that he cannot receive compassionate release because he has not yet been sentenced. (Mot. at 4.) That is correct. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the court to reduce a "term of imprisonment"). The Government therefore construes Oladokun's application as a motion to reconsider the Court's bail revocation order. *Cf. United States v. Ortiz*, No. 18 Cr. 413 (VM), 2020 WL 2765042, at *1 (S.D.N.Y. May 28, 2020) ("Because Ortiz has not been sentenced and is therefore ineligible for sentence modification under Section 3582, the Court construes the Motion as an application for release on bail pending sentencing.").

Hon. Katherine Polk Failla  Page 2
May 9, 2022

      On June 25, 2020, this Court held its first of three hearings on Oladokun's application for bail. At the bail hearing, the defense offered a "[h]alf a million dollar bond, secured by the residence of Mr. Oladokun's 75-year-old mother," on the theory that "Mr. Oladokun would never leave his mother homeless and mired in debt." (Transcript of June 25, 2020 Bail Hearing ("6/5/20 Tr."), ECF Doc. No. 96, at 9–10). It emerged at the hearing, however, that Oladokun had in fact forfeited that very same residence when he fled during jury deliberations at a prior federal criminal trial. (6/5/20 Tr. 19, 23). After hearing full argument, the Court denied bail on the grounds of both risk of flight and danger to the community, citing, among other things, the "fact that [Oladokun] fled during jury deliberations in a prior trial," the "fact that the particular offense involves accessing and exploiting the identity and the personal identifying information of other people," and his "extraordinary criminal history and the very high likelihood of recidivism in this case." (6/5/20 Tr. at 23–24).

      On June 2, 2021, this Court held its second hearing, this time on Oladokun's renewed application for bail. Based on concerns about the COVID-19 pandemic and citing the strength of Oladokun's improved bail package, the Court granted bail on the following conditions, among others: (i) a $600,000 bond secured by the residence of Oladokun's brother and co-signed by five financially responsible people; (ii) home incarceration at Oladokun's mother's home in Maryland, enforced by GPS location monitoring; and (iii) travel restricted to the District of Maryland, meetings with attorneys, and appearances in Court. (ECF Doc. No. 193.)

      On July 15, 2021, Oladokun satisfied his bail conditions and was released. On October 8, 2021, Oladokun asked the Court to modify his bail conditions so that he could leave his home for 90 minutes per day to use the gym, based upon his need for exercise to manage his prediabetes. The Court granted that request. (ECF Doc. No. 242.)

      On January 4, 2022, this Court held a third hearing on Oladokun's bail — this time, precipitated by a bail violation memorandum reporting that on approximately eleven occasions between November 21, 2021 and December 12, 2021, Oladokun used his 90-minute gym allotment to visit restaurants instead. At the hearing, the defense contended that Oladokun needed to get food because his mother had left for Nigeria around the middle of November. (1/4/22 Tr. 11–12.) The Court learned, however, that Oladokun had misled his Pretrial Services officer on numerous occasions: (i) Oladokun failed to tell the officer that his mother had left for Nigeria, even when the Pretrial Services officer expressly asked on December 15, 2021 whether Oladokun's mother had an iPhone that Oladokun could use for a video call (1/4/22 Tr. 30); (ii) after being confronted with the GPS location data, Oladokun told his Pretrial Services officer that he needed to eat after working out, but in fact did not go to the gym at all (1/4/22 Tr. 33–34); and (iii) as recently as January 1, 2022 — three days before the hearing — Oladokun obtained permission from a Pretrial Services officer to go the hospital for chest pains, and then spent an hour afterwards at a lounge (1/4/22 Tr. 38–49). Having "no confidence that Mr. Oladokun is going to comply with his bail conditions," the Court revoked his bail and ordered his remand. (1/4/22 Tr. at 55.)

      Trial is set for September 12, 2022.

Hon. Katherine Polk Failla  Page 3
May 9, 2022

## II. Legal Standard

A party seeking reconsideration faces a high burden. "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. A motion for reconsideration may not be used to advance . . . facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Jackson v. Goord*, 664 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) (internal quotations omitted). Pursuant to 18 U.S.C. § 3142(f), a detention hearing "[m]ay be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

## III. Discussion

Oladokun presents no new information warranting reconsideration of the Court's finding that he is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B). Oladokun's application recites a litany of complaints against the MDC, but the only "reason particular to his own circumstances," *United States v. Pena*, No. 18 Cr. 640 (RA), 2020 WL 1674007, at *1 (S.D.N.Y. Apr. 6, 2020), is that he is purportedly "unable to get medical care within the MDC," (Mot. at 5). Oladokun's medical records contradict his claim.

In the four months since his remand, Oladokun has seen the MDC medical staff six times: (i) on January 6, 2022, when a nurse administered a medical screening and reviewed his prescriptions (Ex. A at 16–20); (ii) on January 16, 2022, when a nurse examined him for dizziness (Ex. A at 7–8); (iii) on January 24, 2022, when a doctor examined him for his chronic conditions and dizziness, and ordered an electrocardiogram ("EKG") (Ex. A at 4–6); (iv) on February 24, 2022, when a technician administered the EKG (Ex. A at 44); (v) on March 4, 2022, when a dentist administered a dental screening (Ex. A at 50–53); and (vi) on April 27, 2022, when a nurse examined him for leg pain and prescribed medication and an X-ray (Ex. A at 1–3).

These medical records detail the attention that Oladokun has received for his complaints. Oladokun says that he failed to receive timely treatment for his "dizzy spells from January 4, 2022 to around February 23, 2022." (Mot. at 5.) But Oladokun does not appear to have reported episodic dizziness during his comprehensive screening on January 6, 2022. (Ex. A at 16–20.) Ten days later, on January 16, 2022, a nurse examined Oladokun at his request for dizziness; the nurse found his condition normal. (Ex. A at 7–8.) On January 24, 2022, a doctor again examined Oladokun and ordered an EKG to address his episodes of dizziness (Ex. A at 4); the EKG was completed on February 24, 2022 (Ex. A at 44). Similarly, Oladokun complains that he "cannot even get Tylenol to treat significant knee pain and swelling," but in fact was seen by a nurse on April 27, 2022 for those conditions and was prescribed an anti-inflammatory drug. (Ex. A at 1–3.)

In short, Oladokun has consistently received appropriate medical care at the MDC.

Hon. Katherine Polk Failla                                                                                               Page 4
May 9, 2022

### IV. Conclusion

The Court revoked Oladokun's bail after he flagrantly and repeatedly abused the Court's trust. Oladokun presents no good reason to revisit that decision, and his request to do so should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by: _____
Alexander Li
Thomas Burnett
Assistant United States Attorneys
(212) 637-2304 / 1064

cc:  Dawn M. Florio, Esq. (*by ECF*)

---

The Court is in receipt of Defendant Oladayo Oladokun's April 28, 2022 motion for pre-trial release pursuant to 18 U.S.C. § 3142 and 18 U.S.C. § 3582(c)(1)(A) (Dkt. #347); the Government's above opposition letter; and Mr. Oladokun's medical records, which were filed under seal (*see* Dkt. #355).

Whether construed as a motion for release, as Mr. Oladokun suggests, or as a motion for reconsideration of the Court's January 4, 2022 detention order, as the Government suggests, the Court finds that Mr. Oladokun has failed to set forth information in his motion that alters the Court's previous finding that Mr. Oladokun is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B). Further, the Court's careful review of Mr. Oladokun's medical records demonstrates to its satisfaction that Mr. Oladokun is receiving appropriate medical care. Accordingly, Mr. Oladokun's motion is DENIED.

If Mr. Oladokun wishes the Court to issue a medial attention order, he is directed to inform the Court promptly.

The Clerk of Court is directed to terminate the motion at docket entry 347.

SO ORDERED.

Dated:  May 11, 2022
        New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE