UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 20 Cr. 3-1 (KPF) |
| OLADAYO OLADOKUN, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On September 10, 2025, this Court issued an order denying Defendant Oladayo Oladokun's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "September 10 Order"). (Dkt. #574).[1] The proffered bases for Mr. Oladokun's motion included his role as primary caregiver for his mother and his own medical issues. (*Id.* at 9-10). After extensive briefing and a hearing on the matter, the Court found that Mr. Oladokun had not identified an extraordinary and compelling reason for compassionate release and that the factors in 18 U.S.C. § 3553(a) counseled against such release. (*Id.* at 15-20; *see also* Dkt. #577 (transcript of August 13, 2025 oral argument))

On September 18, 2025, counsel for Mr. Oladokun filed a notice of appeal from the Court's Order. (Dkt. #575). Unbeknownst to counsel, however, Mr. Oladokun had filed a *pro se* motion for reconsideration dated September 16, 2025 (Dkt. #576); two months later, Mr. Oladokun filed an amended motion for reconsideration (Dkt. #581). Defense counsel moved to

---

[1]     Unless otherwise indicated, references to docket entries are to the docket in *United States v. Oladokun*, No. 20 Cr. 3-1 (S.D.N.Y.).

withdraw as Mr. Oladokun's counsel (Dkt. #583-584), and simultaneously moved at the United States Court of Appeals for the Second Circuit for a limited remand to this Court to consider the motions to withdraw and for reconsideration (*see United States* v. *Oladokun*, No. 25-2290 (2d Cir.), Dkt. #16 (motion for remand), Dkt. #20 (order granting limited remand)).  After remand, this Court granted defense counsel's motion to withdraw and ordered the Government to respond to Mr. Oladokun's amended motion.  (Dkt. #585).  The Government filed its opposition materials on March 24, 2026 (Dkt. #586), and Mr. Oladokun's reply submission was docketed by the Court on April 10, 2026 (Dkt. #587).[2]

## APPLICABLE LAW

"Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that [the moving party] should set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  *United States* v. *Parrilla*, No. 13 Cr. 360 (AJN), 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) (internal quotation marks and brackets omitted) (alteration added); *see also* Local Civil Rule 6.3 (civil analogue).[3]  Mr. Oladokun's motion

---

[2]     Both sides also submitted medical records under seal, which are referred to in this Order using the relevant date and category of event.

[3]     *See generally United States* v. *Bright*, No. 18 Cr. 56-1 (KPF), 2021 WL 4084391, at *1 n.1 (S.D.N.Y. Sept. 8, 2021):

> Before the enactment of Local Criminal Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Local Civil Rule 6.3.... *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure

for reconsideration was filed with respect to his compassionate release application, and is thus governed by Local Criminal Rule 49.1(d).

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)).  To obtain reconsideration, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord United States* v. *Gomez*, No. 21-2429, 2022 WL 7772745, at *2 (2d Cir. Oct. 14, 2022) (summary order); *Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013).

---

nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3."). Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules.

"This standard is exigent because 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Tears* v. *Bos. Sci. Corp.*, No. 17 Civ. 9793 (AJN), 2019 WL 2866847, at *1 (S.D.N.Y. July 3, 2019) (citing *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2001)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## DISCUSSION

While the Court has given serious consideration to the Government's argument that Mr. Oladokun's motion is in fact a new motion for compassionate release for which he has not exhausted his administrative remedies, it will construe the motion as one for reconsideration.  (Dkt. #586; *see also* Dkt. #587 at 1 (Mr. Oladokun explaining why the motion is properly construed as a reconsideration motion)).  As explained in the Court's September 10 Order, medical issues can suffice to constitute an extraordinary and compelling reason for compassionate release when the defendant is (i) "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or (ii) "suffering from a medical condition that requires long-term or

4

specialized medical care" that is not being provided in prison and without which the defendant is at risk of serious health deterioration or death.  (*See* Dkt. #574 at 13 (quoting U.S.S.G. § 1B1.13(b)(1)(B)-(C))).

Mr. Oladokun has presented two categories of new or updated evidence concerning his medical conditions.  *First*, Mr. Oladokun has submitted evidence indicating that he has developed kidney damage, ostensibly as a result of certain pain management medications received while in the care of the Bureau of Prisons (the "BOP").  (Dkt. #576 at 1-2).  *Second*, Mr. Oladokun has presented records related to recent oral surgery and a related consultation he had on November 3, 2025, which records reflect a diagnosis of "TMJ dysfunction secondary to prior subcondylar fracture and malocclusion"; stated simply, Mr. Oladokun's jaw fracture has resulted in a misaligned bite and ancillary pain, for which he has been prescribed a night guard.  (Dkt. #581).

With respect to Mr. Oladokun's kidney issues, the Court has reviewed his medical records and understands that on June 9, 2025, Mr. Oladokun's lab results revealed an Estimated Glomerular Filtration Rate ("eGFR") of 54, where numbers lower than 60 suggest chronic kidney disease.  (Lab Results Reported June 10, 2025; *see also* Lab Results Reported May 7, 2024 (reporting eGFR of 56); Lab Results Reported March 31, 2023 (reporting eGFR of >60); Lab Results Reported September 16, 2022 (reporting eGFR of >60); Lab Results Reported August 25, 2022 (reporting eGFR of >60)).  While Mr. Oladokun attributes this change in condition to prolonged use of ibuprofen and naproxen, BOP clinicians have posited that the condition could be related to other factors,

including Mr. Oladokun's age.  (Dkt. #586 at 2).  The Court will not pretend to diagnose the cause of Mr. Oladokun's lowered results; it understands, however, that the BOP will continue to monitor Mr. Oladokun's condition, and that his condition has not progressed to the stage where it requires medical intervention such as dialysis.

Mr. Oladokun's second basis for reconsideration, his jaw issues, are more familiar to the Court.  As the parties are aware, prior efforts at surgical intervention were delayed by Mr. Oladokun's decision to withdraw consent to such treatment.  (Dkt. #574 at 15-17).  After Mr. Oladokun reaffirmed his consent to surgery in the summer of 2025, he was transported offsite for oral surgery and a fitting for a mouth guard.  (Clinical Encounter Notes of November 3, 2025).  The oral surgeon also discussed the possibility of additional or corrective surgery on Mr. Oladokun's jaw.  The Court is cognizant of the fact that Mr. Oladokun is experiencing pain and discomfort as a result of an assault he received while in BOP custody; these facts were taken into consideration by the Court when it imposed a below-Guidelines sentence.  In addition, the relevant medical notes evidence positive developments from Mr. Oladokun's receptiveness to additional medical or surgical procedures on his jaw.

More broadly, while the Court is concerned about the medical care that Mr. Oladokun is receiving in prison, it concludes that he has not presented new evidence warranting compassionate release.  Neither of the two medical conditions limits Mr. Oladokun's ability to self-care in a prison setting; and

neither requires long-term or specialized care that he is not receiving.  See

U.S.S.G. § 1B1.13(b)(1)(A)-(C).  On the contrary, the many hundreds of pages of

medical records the Court has reviewed indicate that Mr. Oladokun is receiving

appropriate care for his various medical conditions.

Even if the Court had found that Mr. Oladokun had demonstrated an

extraordinary and compelling reason for relief, its calculus of the Section

3553(a) factors remains the same.  (Dkt. #574 at 19-20).  Mr. Oladokun was

engaged in criminal conduct for nearly three decades, and was undeterred by

both substantial terms of imprisonment and the arrest of his co-conspirators in

the instant case.  Even in his latest submissions, which were filed after the

Court's September 10 Order analyzing the Section 3553(a) factors, Mr.

Oladokun cannot bring himself to accept responsibility for his criminal

conduct.  Compassionate release is not appropriate on this record.

## CONCLUSION

For the reasons set forth above, the Court DENIES Mr. Oladokun's

motion for reconsideration.  The Court further certifies under 28 U.S.C.

§ 1915(a)(3) that any appeal from this Order would not be taken in good faith,

and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the pending motion at docket entry 581. The Clerk of Court is further directed to mail a copy of this Order to Mr. Oladokun at the following address:

> Oladayo Oladokun
> Reg. No. 21480-037
> FCI Otisville
> Federal Correctional Institution
> P.O. Box 1000
> Otisville, NY   10963

The Government is further directed to advise the United States Court of Appeals for the Second Circuit of the issuance of this Order.

SO ORDERED.

Dated:   April 13, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

8